**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**ALVIN SHOWERS III**                                                                                    **PLAINTIFF**

**V.**                                                                **CIVIL ACTION NO. 1:19-cv-323-KS-RHW**

**CITY OF BAY ST. LOUIS,**
**MISSISSIPPI, et al.**                                                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This cause comes before the Court on Defendant Jeffrey Hendrix's Motion to Dismiss for Improper Service [38]. Plaintiff has responded, and Defendants replied. [40], [41]. Having reviewed Plaintiff's Complaint [1], the parties submissions, and relevant legal authorities, and otherwise being duly advised in the premises, the Court finds the motion will be granted.

**I. RELEVANT BACKGROUND**

Plaintiff filed his lawsuit on June 14, 2019. [1]. Jeffrey Hendrix is named as a defendant both in his individual capacity and in his official capacity as a police officer with the Bay St. Louis Police Department. [1] at ¶ 3(d). Under the Federal Rules of Civil Procedure, Plaintiff had ninety (90) days to serve Defendant Hendrix. *See* Fed. R. Civ. P. 4(m). Thus, Plaintiff had until September 13, 2019 to serve the defendant.

On September 16, 2019, Plaintiff filed several Requests for Waivers of Service [2] that appear to have been sent to various defendants, including Defendant Hendrix. [2] at p. 7. In said requests, Plaintiff certified that the requests were being sent on September 16, 2019. *See id.* The record shows that the only signed waiver was returned by Ricky Adams. [3]. On November 20, 2019, Plaintiff filed a "status report" regarding service of process. [6]. In this "status report," Plaintiff explained that he was in the process of hiring a process server to serve the lawsuit on the

remaining Defendants. The Court construed the status report as a motion for extension of time to perfect service, and on November 21, 2019, the Court granted Plaintiff until January 21, 2020 to complete service of process on Defendants. [7]. The Court cautioned Plaintiff "**that his lawsuit will be dismissed as to any Defendants who are not served within the time allowed by this Order**." [7] (emphasis in original). The Court has not granted any further extensions.

The summons for Defendant Hendrix was issued on January 10, 2020. [17]. Service was attempted twice on January 15, 2020 and twice on January 21, 2020, to no avail. [40-1] ¶ 3.[1] A process server attempted service again on January 23, 2020. *Id.* Plaintiff sought no further extension, but on March 6, 2020, he sought an order requiring the marshals to serve the defendant. [33].[2] In his request, Plaintiff cited the four attempts in January to serve Defendant Hendrix, arguing that Hendrix appeared to be evading service. *Id*. On April 14, 2020, the Court in its discretion denied this request, noting that such service was not mandatory under the circumstances of the case and the situation did not warrant service by a marshal. [35]. On April 21, 2020 Plaintiff mailed a copy of the summons and complaint, along with a notice and acknowledgment for, to Defendant Hendrix, which was received on April, 23, 2020. [40-1] at ¶¶ 10-12; [40-4]. On May 1, 2020, Defendant Hendrix filed the instant motion to dismiss for insufficient service of process.

## II. DISCUSSION

Defendant Hendrix argues that Plaintiff's claims against him should be dismissed because the service of process was untimely and improper. Defendant argues that service by mail

---

[1] Plaintiff characterizes these attempts as "8 roundtrips," but it does not change the fact that the process server went to Defendant's address to serve process a total of four (4) times before the deadline. Defendant argues that Plaintiff's assertions regarding when service attempts were made are hearsay, but Plaintiff has since submitted an email from the process server. [42-2]. Although the email could be hearsay as well, such determination is irrelevant because the Court is not granting the motion based on the impropriety of any evidence.

[2] Plaintiff claims that he twice requested marshal service. [40] at p. 3. The March 6, 2020 request was filed with the Court [33], but the undated request and response are not a part of the record.

2

was proper under Mississippi Rule of Civil Procedure 4(c)(3)(A) and that his service was timely due to a number of factors that will be addressed herein.

### A. Applicable Law

Service of a summons and complaint in a federal lawsuit is governed by Federal Rule of Civil Procedure 4. Particularly, Rule 4 states, in relevant part, that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1).

Mississippi allows for service by mail. Rule 4(c) of the Mississippi Rules of Civil Procedure states, in relevant part, as follows:

> **(3) By Mail.**
> (A) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule[3] by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.
> (B) If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint may be made in any other manner permitted by this rule.
> (C) Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing the notice and acknowledgment of receipt of summons.
> (D) The notice and acknowledgment of receipt of summons and complaint shall be executed under oath or affirmation.

Miss. R. Civ. P. 4(c)(3). As for the time allowed for service, the ninety (90) days allotted in Federal Rule of Civil Procedure 4(m) applies, and not Mississippi's 120 days in its Rule 4(h).[4]

---

[3] Paragraph (1) of section (d) addresses service on an individual, which is the case here.

[4] Rule 4(m) states: If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

*See Robinson v. Roxy Investments, L.P.,* 249 F.R.D. 485, 487 (S.D. Miss. 2008). At issue here is whether Plaintiff's service by mail was proper and timely. We start with whether service was properly perfected.

### B. Analysis

#### 1. Propriety of Service

When a defendant challenges the sufficiency of service of process, the plaintiff has the burden of showing that the defendant was properly served. *See Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir.1992); *Bivins v. Miss. Reg'l Hous. Auth. VIII*, No. 1:13-cv-230, 2014 U.S. Dist. LEXIS 200118, *5 (S.D. Miss. 2014). Plaintiff has submitted a declaration and documentation showing that he substantially complied with subdivision (3)(A).[5] "The defendant, either individually or through its agent, must then return the acknowledgment to the plaintiff. . . . Where the person or entity being served by mail fails to return the acknowledgment to the plaintiff within 20 days after the date of mailing, service of such summons and complaint may be made in any other manner permitted by [Rule 4]." *McCoy v. Direct Express*, 269 So. 3d 438, 439 (Miss. Ct. App. 2018) (internal citations and quotations omitted). Thus, "to accomplish service of process by mail [under Mississippi Rule 4(c)(3)], the defendant must return a properly executed acknowledgment to the plaintiff." *Arnold v. Brookway Corp.*, No. 2:09-cv-205-KS-MTP, 2010 WL 1904865, at *2 (S.D. Miss. May 10, 2010) (quoting *Tucker v. Williams*, 7 So. 3d 961, 964 (¶ 12) (Miss. 2009)).

In this case, service of process by mail was not completed. Defendant Hendrix admits he never executed and sent back the acknowledgment, and Plaintiff does not contend otherwise. Instead, given that the deadline set by the Court had run, Defendant Hendrix filed the instant

---

[5] Rule 4(c)(3) requires Plaintiff to send two copies of the notice and acknowledgment, but Plaintiff does not aver that he did so. *See* [40-1] at ¶ 10.

motion prior to the twenty (20) days running under Rule 4(c)(3)(B). [41] at p. 2. Consequently, Plaintiff "never received the acknowledgment back from any of the Defendants 'within 20 days after the date of mailing,' which is the final required step for perfection of service by mail." *McCoy*, 269 So. 3d at 439 (citing M.R.C.P. 4(c)(3)(B)). As a result, Plaintiff never perfected service of process on Defendant Hendrix by mail under Rule 4(c)(3). *See id*. Therefore, Plaintiff has failed to carry his burden to show that service by mail was valid.

### 2. Timeliness of Service

Defendant Hendrix argues that Plaintiff has had ample time to properly serve the defendant yet failed to perfect service prior to the Court's extended deadline of January 21, 2020, so the claims against him must be dismissed just as the Court had cautioned would happen. Plaintiff argues that the Court should take into consideration the facts surrounding service and find that in this particular case, service was timely. Plaintiff's argument is not supportable.

First, service was not proper, as concluded above, so the issue of timeliness is actually moot. Second, even if service were proper, Plaintiff cites no legal authority for the proposition that this Court has the discretion to simply *deem* service timely based on the circumstances of the case. Rule 4(m) does not allow for such, and the Court will not do so. Rule 4(m) provides only that the time for service *may*, and upon a showing of good cause, *must* be extended.

"[W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court must extend time for service." *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996). "Even if good cause is lacking, the court also has discretionary power to extend time for service." *Sample v. Holmes Cty., Miss*., No. 3:12-cv-303-CWR-FKB, 2013 WL 4553500, at *2 (S.D. Miss. Aug. 28, 2013) (citing *Thompson*, 91 F.3d at 21). Here, Plaintiff has not moved for additional time to properly serve

5

Defendant Hendrix, and thus, the Court will not address whether Plaintiff has established "good cause." Rather, the Court will consider the circumstances of this case under its discretionary authority.

### 3. No Discretionary Extension

Any ignorance of deadlines and consequences cannot excuse what the Court finds to be Plaintiff's dereliction in failing to properly and timely serve Defendant Hendrix. First, the Court notes that Plaintiff's original deadline for service was September 13, 2019, but upon review, the Court finds that the first record evidence of any attempt at service occurred three days after the original deadline, when Plaintiff sent out requests for waivers of service. [2]. Notwithstanding, the Court then generously granted Plaintiff an additional two months to serve the Defendants.[6]

Despite Plaintiff's knowing that the Court had specifically cautioned him that if he failed to serve any defendant by January 21, 2020, his claims against that defendant would be dismissed without prejudice, Plaintiff did not have a summons issued for Defendant Hendrix until January 10, 2020. Plaintiff gives no explanation for this delay in either of his declarations filed in opposition to the instant motion. Plaintiff does state in his letter to the Court dated March 6, 2020, "After a lengthy exhausting search I was able to find an address for former officer Hendrix." [33] [40-3]. Although Plaintiff listed no address on the Request for Waiver of Service sent to Defendant Hendrix, he claims in his status report that he sent the waivers, including the one to Defendant Hendrix. Thus, Plaintiff's search for Defendant Hendrix's address appears to have been completed by September 16, 2019 when the waivers were sent; yet the summons was not issued until four (4) months later.

---

[6] The extension effectively extended the time for service from 90 days to 7 months because 9/13/19 was the original deadline, and the order of 11/21/19 then allowed until 1/21/20 to complete service.

Another indication of Plaintiff's lack of diligence in perfecting service is that Plaintiff indicated on November 20, 2019 that he was "in the process" of hiring a private process server to serve the defendants, but no process server attempted service on Defendant Hendrix until mid-January 2020. For reasons unknown, Plaintiff did not have a summons issued for Defendant Hendrix until January 10, 2020. When the summons was issued, Plaintiff had only eleven (11) days to serve Defendant Hendrix in order to avoid dismissal; yet, the process server did not attempt service until January 15, 2020 and, having no luck, did not return to attempt service until January 21, 2020—the day of the deadline. Despite having no success, Plaintiff still did not seek any further extension; he simply waited until March 6, 2020 to ask for assistance from the U.S. Marshal Service [33]. Again, having no success, Plaintiff attempted service by mail on April 21, 2020, which still was not perfected.

The procedure for serving process is not an open-ended proceeding. There are deadlines and consequences. The Court gave Plaintiff sufficient time to follow the rules for service, and it still has not been done. Here, the Court finds it important to note that "pro se plaintiffs are required to know their legal rights and abide by all applicable procedural rules. A pro se plaintiff's ignorance of or unfamiliarity with court proceedings does not relieve him of this duty." *Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 809 (S.D. Miss. 2006); *see also Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure."); *Sys. Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990) ("Pro se status does not excuse a litigant's complete failure to effect service.")[7]

---

[7] Also telling of Plaintiff's lack of diligence is despite Defendant Hendrix instant motion's pointing out the defects in service since its filing on May 1, 2020 and knowing that the process server had previously been unsuccessful, instead of looking at the Rules more closely or attempting any further proper service, Plaintiff has chosen to dispute the validity of the mail service.

7

Accordingly, while the Court in no way implies that Plaintiff's actions have been contumacious, the Court does find that Plaintiff has not been diligent in his efforts and the delays in attempting service are due to his own untimely actions.[8]

Finally, the Court will address Plaintiff's assertion that Defendant Hendrix was evading service. "A discretionary extension may be warranted, 'for example . . . if the defendant is evading service . . . .'" *Millan v. USAA Gen. Indem. Co.,* 546 F.3d 321, 325 (5th Cir. 2008) (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Here, however, the Court cannot conclude that to be the case. Although there were four attempts made prior to the deadline, two were both made during the noon hour. [42-2]. More importantly, however, Plaintiff has submitted nothing to verify that this is even the proper address for Defendant Hendrix. *Cf. Evergreen Nat. Indem. Co. v. Herndon*, No. 3:07-cv-184B, 2007 WL 2827978, at *1 (N.D. Tex. Sept. 28, 2007) (granting an extension when process server's affidavit described efforts to effect service, such as honking his horn, leaving a delivery notice which was not present when he returned to the residence, and verifying with the postal agent that the defendant received mail at the residence). Even though Plaintiff has photographs of vehicles at the residence and argues that the vehicles were moved between service attempts, there is no evidence that any of these vehicles, whose license plates are clearly visible, are registered to Defendant Hendrix. As such, the Court cannot conclude that Defendant Hendrix is evading service.

The Plaintiff was forewarned that failure to serve the Defendants prior to the deadline of January 21, 2020 would result in dismissal. Notwithstanding, the Court has given Plaintiff the benefit of an analysis as to whether, in the Court's discretion, it should again extend the time for

---

[8] *See Thrasher*, 709 F.3d at 514 (noting that when the Fifth Circuit has affirmed dismissal, it considers other factors such as whether the delay was caused by the plaintiff himself and not his attorney). Here, Plaintiff is representing himself, and so the delays cannot be due to the inaction of an attorney responsible for serving the defendants.

service. Based on the foregoing, the Court finds that Plaintiff has failed to exercise due diligence in his attempts at service and has failed to show that Defendant Hendrix is evading service. Therefore, the Court further declines to exercise it discretion to allow additional time for service on Defendant Hendrix, regardless of how important he may be to Plaintiff's case.

Therefore, it is hereby ORDERED that Defendant Jeffrey Hendrix's Motion to Dismiss for Improper Service [38] is granted. Plaintiff's claims against Jeffrey Hendrix are dismissed without prejudice.

SO ORDERED AND ADJUDGED this 29th day of July 2020.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE