IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALVIN SHOWERS III**                                                                                    **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 1:19-cv-323-KS-RHW**

**CITY OF BAY ST. LOUIS,**
**MISSISSIPPI, et al.**                                                                              **DEFENDANTS**

## ORDER

This cause comes before the Court on Sheriff Ricky Adams' Motion for Judgment on the Pleadings Based on Qualified Immunity [47] and Plaintiff's Second Motion for Extension of Time to File Plaintiff's Opposition to Sheriff Adams' Motion for Judgment on the Pleadings [54]. The Municipal Defendants have filed a joinder in the motion [52]. Having reviewed the motion, and the Plaintiff's request, the Court finds that discovery is not necessary nor is the Court in need of further briefing at this point. Rather, the Court finds that it is prudent to grant Sheriff Adams' request for alternative relief and order that Plaintiff provide a *Schultea*[1] Reply for the reasons set forth below.

Plaintiff filed this action, alleging claims under 42 U.S.C. § 1983 for alleged violations of his Fourteenth Amendment due process rights and Fourth Amendment rights against illegal searches and seizures. [1] at p. 1 ¶ 1.[2] Plaintiff also alleges a host of other state law claims, including defamation, civil conspiracy, and failure to train, and perhaps others. It is the federal claims that are presently at issue because they provide this Court jurisdiction under 28 U.S.C. § 1331 and are the target of the Defendants' qualified immunity defense.

---

[1] *See Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995).
[2] Plaintiff also alleges violations of his First and Fifth Amendment rights, but the Court fails to see allegations involving the rights afforded under these amendments. To the extent Plaintiff contends there are such violations, he can elaborate in his *Schultea* Reply, which will be explained herein.

Sheriff Adams brings this motion, and the Municipal Defendants join, arguing that Plaintiff has failed to meet the heightened pleading standard required when faced with a qualified immunity defense. Defendants argue that Plaintiff has not pled facts that show he suffered a constitutional violation at their hands or that their actions were objectively unreasonable under clearly established law.[3]

Plaintiff seeks an extension of time to conduct some discovery in the matter, namely, to issue some interrogatories. Attached to his motion is a list of facts he claims supports one of his claims. [54] at p. 2 ¶ 5.  He states that he expects the discovery to show that Sheriff Adams' "defenses are merely self-generalized assertions meant to conform to the law, without any factual support or authority to do so." [54] at p. 3. It is still unclear, however, exactly what facts he hopes to obtain through discovery, as he is privy to all of the actions that took place against him. For example, he states that, "Defendant was to assure the legal process of commitment was carried out, which he sent a car to transport Mr. Showers, but he failed to take Mr. Showers for pre-examination in this 'involuntary' commitment." [54] at p. 3. Again, Plaintiff can make allegations of facts within his knowledge that he believes state a claim for a constitutional violation. To the extent he seeks some sort of corroboration of certain facts in an effort to establish undisputed facts, such is not necessary at this stage of the proceedings. Therefore, because the Court will grant Sheriff Adams' motion in part,  Plaintiff's request for an extension of time to respond will be denied.

"The question of qualified immunity must be addressed as a threshold issue because this issue determines a defendant's immunity from suit, that is, his or her ability to avoid a trial altogether, rather than merely his or her immunity from damages." *Mangieri v. Clifton*, 29 F.3d 1012, 1015 (5th Cir. 1994). To that end, a law enforcement officer "is entitled to claim the cloak

---

[3] Sheriff Adam also makes some substantive arguments, but the Court finds that without sufficient pleadings, such analysis is futile at this point.

of qualified immunity 'unless it is shown that, at the time of the incident, he violated a clearly established constitutional right.'" *Id.* (quoting *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir.1993)). When an officer raises the defense of qualified immunity, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks v. Miss. State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995).

A court must conduct a bifurcated analysis to assess a qualified immunity defense. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004) (citing *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001)). "First, Plaintiffs must allege that Defendants violated their clearly established constitutional rights. . . . Second, if Plaintiffs have alleged such a violation, [a court] must consider whether Defendants' actions were objectively reasonable under the circumstances." *Id.* (citations omitted). Thus, it is incumbent on a plaintiff to allege facts sufficient to allow the Court to conduct such an analysis. Without such, a court may "require the plaintiff to reply to that defense in detail." *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

While the Court declined in a recent order to require Plaintiff to provide generally "a more definite statement," it now finds, in light of the qualified immunity defense, Plaintiff should be afforded the opportunity to plead the alleged constitutional violations more particularly. Plaintiff shall articulate what specific constitutional rights he alleges were violated and what each Defendant's actions were with regard to such violations, not just as to Sheriff Adams, but for all Defendants.[4] Also, Plaintiff fails to provide any details in his pleadings

---

[4] Plaintiff must bear in mind that Michael DeNardo is deceased, and thus, cannot be personally liable. To the extent Plaintiff seeks to hold the City of Bay St. Louis liable for his actions, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

regarding his own actions during these various encounters, which would allow the court to determine whether the officer's conduct was objectively unreasonable. For example, and not limited to, with regard to Plaintiff's allegations in his Complaint in Paragraphs 5, 6, 7, 8, and 30 regarding due process and the allegedly illegal seizure, Plaintiff must expound on the particulars of each Defendant's actions with regard to such, as well as Plaintiff's own actions.

Also, with regard to the allegedly illegal searches addressed in Paragraphs 13, 39, 40, and 41, it is true that the Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. However, while warrantless searches "are per se unreasonable under the Fourth Amendment," there are "a few specifically established and well-delineated exceptions" to that general rule." *City of Ontario, Cal. v. Quon*, 560 U.S. 746, 760 (2010) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)); *see also Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122 (5th Cir.2014) ("There are, however, circumstances in which a warrantless entry into a home is not a constitutional violation."). There could be issues of consent, probable cause and exigent circumstances. *See Gates v. Texas Dep't of Protective & Regulatory Svcs.*, 537 F.3d 404, 420 (5th Cir. 2008) (stating that "[w]arrantless searches of a person's home are presumptively unreasonable unless the person consents, or unless probable cause and exigent circumstances justify the search"). Therefore, Plaintiff must provide more details as to who specifically conducted the searches and the actions of each Defendant, as well as Plaintiff's actions, surrounding these searches. This type of detail is necessary as to each alleged constitutional violation.

Therefore, based on the foregoing, it is hereby ORDERED that Sheriff Ricky Adams' Motion for Judgment on the Pleadings Based on Qualified Immunity [47] is granted insofar as a *Schultea* reply will be required. Accordingly, the Court hereby ORDERS Plaintiff to file a reply

as contemplated by *Schultea v. Wood* and *Reyes v. Sazan*, 168 F.3d 158 (5th Cir. 1999) **on or before September 18, 2020.** Plaintiff must provide "allegations of fact focusing specifically on the conduct of [each] individual who caused the plaintiff's injury." *Reyes*, 168 F.3d at 161. The reply must be tailored to the defense of qualified immunity, and Plaintiff must support his claims of constitutional violations "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of the defendant's conduct at the time of the alleged acts." *Id*.; *see also Schultea*, 47 F.3d at 1430-32. The reply should provide specific facts about the circumstances of the incident involving the alleged constitutional violations and the conduct of Sheriff Adams, as well as that of all other named Defendants, that supports each constitutional violation asserted against them. **Defendants may file a response to the *Schultea* reply on or before September 30, 2020.** Plaintiff's Second Motion for Extension of Time to File Plaintiff's Opposition to Sheriff Adams' Motion for Judgment on the Pleadings [54] is DENIED.

SO ORDERED AND ADJUDGED this 2nd day of September 2020.

      Keith Starrett_____
      KEITH STARRETT
      UNITED STATES DISTRICT JUDGE