UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ALVIN SHOWERS, III | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:19CV323-TBM-RPM |
| CITY OF BAY ST. LOUIS et al | DEFENDANTS |

## REPORT AND RECOMMENDATIONS

On June 14, 2019, Plaintiff Alvin Showers, III, proceeding *pro se*, filed a complaint against numerous defendants associated with Bay St. Louis, Mississippi. He alleges Defendants assassinated his character and reputation, caused him to be involuntary committed to a psychiatric facility, violated his due process rights, unlawfully restrained him, conducted illegal searches of his home, harassed him, put him under surveillance, tapped his telephone and electronic devices, defamed his character, etc. Based on the Court's review of the docket, it appears only two Defendants have not been served with process: Michael DeNardo and Miles Moran. Defendant Michael DeNardo is currently subject to a motion to dismiss for improper service. Doc. [84]. Defendants Brandon Farve and Mississippi Municipal Services (MMS), two previously unserved Defendants, have now been served. Plaintiff recently filed a proof of service as to Defendant Brandon Farve, indicating service was completed on July 26, 2021. Doc. [97]. However, Defendant Farve has not filed an answer or otherwise responded to the complaint. Plaintiff also recently served Mississippi Municipal Services (MMS). Doc. [100]. MMS has filed a motion to dismiss. Doc. [103]. Plaintiff has not completed service of process for Defendant Miles Moran. Before the Court is Plaintiff's motion to serve Defendant Moran by publication via legal notice in local newspapers.

Rule 4(m) of the Federal Rules of Civil Procedure requires service of process within 90 days after a complaint is filed. If a plaintiff fails to complete service of process on a defendant within 90 days, Rule 4(m) provides that

> the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See Copeland v. EMC Mortgage LLC*, No. 1:16CV159-HSO-JCG, 2016 WL 7634455, at *5 (S.D.Miss. Dec. 21, 2016). The docket reflects that summons first issued as to Defendant Moran on January 19, 2020. Doc. [17]. Because the docket did not indicate that summons had been returned executed for Defendant Moran, by order dated April 8, 2021, the Court directed Plaintiff to show cause why his claims against Defendant Moran should not be dismissed for failure to prosecute. Doc. [72].

On April 22, 2021, Plaintiff filed a response to the show cause order. Doc. [73]. He argued that he did not have a valid address for Defendant Moran. Doc. [73] at 3. He also indicated that he has attempted to serve Defendant Moran through a professional process server, but without success. According to Plaintiff, Moran has "dodged service". *Id.* Accordingly, the Court granted Plaintiff additional time to obtain service of process as to Defendant Moran. Doc. [74]. By order dated April 29, 2021, the Court allowed Plaintiff until May 28, 2021, to complete service of process. *Id.* In that order, the Court cautioned Plaintiff that "failure to serve the Defendants within the time allotted will result in their dismissal from the lawsuit based on failure to obtain timely service of process." *Id.*

Summons reissued as to Defendant Moran on May 6, 2021. Doc. [75]. Plaintiff submitted a letter to the Court on May 28, 2021, describing additional efforts, through a professional process server, to obtain service of process on Moran. Doc. [81] [81-1]. He also

filed yet another motion for extension of time to serve process. Doc. [82]. By Order dated June 18, 2021, the Court granted Plaintiff a second extension of time, to July 30, 2021, to complete service of process as to Defendant Moran. Doc. [90]. Plaintiff was again cautioned that "failure to complete service of process within the time allotted will result in dismissal" of Moran. *Id.* at 3. The July 30, 2021, deadline has passed without service of process being completed as to Moran.

It has been over two years since Plaintiff filed his complaint, well beyond the 90-day deadline for completing service of process. He has recently filed a motion for leave "to serve remaining defendants via legal notice in local newspapers." Doc. [98]. In effect, Plaintiff is requesting a third extension of the deadline to complete service of process. In the motion he argues that he hired a professional process server. According to Plaintiff, the address for Moran proved to be invalid; and Moran had recently been arrested in Louisiana with an address listed as "homeless".

Plaintiff has not submitted an affidavit or other evidence supporting his allegations regarding efforts to serve Moran with process. Instead, Plaintiff merely attaches a billing statement from the process server, indicating that Plaintiff contacted the process server on July 29, 2021—the day before Plaintiff's July 30th deadline to complete service of process. Doc. [98-1] at 1. The process server listed possible addresses for Miles Moran but does not explain what efforts, if any, he made in trying to complete service of process. Based on the foregoing, the undersigned finds that Plaintiff has failed to demonstrate good cause for granting yet another extension of the deadline to serve process. He has had more than ample time to complete service of process, including several lengthy extensions granted by the Court. In his latest request, he does not offer a sufficient explanation for failing to complete service of process prior to the July

30, 2021, deadline. His failure to obtain timely service of process has created significant delays in the Court's administration of this case. The undersigned recommends that Plaintiff's motion for service by publication be denied and that Defendant Moran be dismissed without prejudice from the lawsuit.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's [98] Motion to Serve Remaining Defendants via Legal Notice in Local Newspapers be DENIED and that Plaintiff's claims against Defendant Miles Moran be DISMISSED without prejudice based on Plaintiff's failure to obtain timely service of process.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 7th day of September 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE