IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALVIN SHOWERS, III**                                                                                       **PLAINTIFF**

v.                                                                              **CIVIL ACTION NO. 1:19-cv-323-TBM-RPM**

**CITY OF BAY ST. LOUIS** *et al.*                                                                        **DEFENDANTS**

## ORDER

Before the Court is the City of Bay St. Louis' Motion to Dismiss Plaintiff's Complaint Against Michael DeNardo for Improper Service of Process [84]. Plaintiff failed to file a timely response. Having considered the pleadings, the submissions of the parties, and relevant legal authorities, the Court finds the Motion [84] is granted. The claims against Michael DeNardo in his official capacity shall be dismissed with prejudice and the claims in his individual capacity shall be dismissed without prejudice.

On June 14, 2019, Plaintiff Alvin Showers, III, proceeding *pro se*, filed a Complaint [1] against numerous defendants associated with the City of Bay St. Louis, Mississippi. Showers' Complaint indicates that he is suing Michael DeNardo in both his official and individual capacity. The Court entered an Order [74] Extending Time to Serve Process on April 29, 2021, providing Showers until May 28, 2021, to complete service of process on Defendants Michael DeNardo, Miles Moran, Brandon Farve, and ABC Insurance Co. [74] at pg. 2. Showers was cautioned that "failure to serve the Defendants within the time allowed will result in their dismissal from the lawsuit based on failure to obtain timely service of process." [74] at pp. 2-3. The City of Bay St. Louis now moves for dismissal of deceased Defendant Michael DeNardo under Rule 12(b)(5) for insufficient service of process.

Federal Rule of Civil Procedure 4(m) requires service of process within 90 days after a complaint is filed. FED. R. CIV. P. 4(m). If a plaintiff fails to complete service of process on a defendant within 90 days, Rule 4(m) provides that:

> [T]he court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*; *Copeland v. EMC Mortgage LLC*, No. 1:16-cv-159-HSO, 2016 WL 7634455, at *5 (S.D. Miss. Dec. 21, 2016). When a defendant challenges the sufficiency of service of process, the plaintiff has the burden of showing that the defendant was properly served. *See Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992); *Bivins v. Miss. Reg'l Hous. Auth. VIII*, No. 1:13-cv-230, 2014 WL 12665156, *2 (S.D. Miss. Mar. 14, 2014) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash. D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). Service of a summons and complaint in a federal lawsuit is governed by Federal Rule of Civil Procedure 4. Rule 4(e)(1) states that an individual within a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(1).

Mississippi law provides that service must be effectuated on an individual "by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process" or, if this cannot be done "with reasonable diligence," by "leaving a copy of the summons or complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left." MISS. R. CIV. P. 4(d)(1).

The docket reflects that summons for Defendant DeNardo was initially issued on December 6, 2019, and reissued on May 6, 2021. *See* [9], [75]. On May 28, 2021, the summons for DeNardo was returned executed. *See* [80]. Shower's Process Server attests that he served the Summons and Complaint on Sissy Gonzalez at Bay St. Louis City Hall (688 Highway 90 Bay St. Louis, Mississippi 39520) on May 26, 2021. *See* [80] at pg. 2. Showers neglected to meet its burden to show that Defendant DeNardo was properly served. Showers failed to identify any authority maintained by Sissy Gonzalez to accept service for the deceased Defendant DeNardo or his estate. Moreover, Showers has not submitted to the Court he had "good cause" for his failure to properly serve Defendant DeNardo. FED. R. CIV. P. 4(m) (If the plaintiff shows "good cause" for the failure, "the court must extend the time for service for an appropriate period."). Thus, the Court finds that Sissy Gonzalez, nor anyone else at Bay St. Louis City Hall, is authorized by law to accept service on behalf of DeNardo or his estate. *Cf. Stepney v. Cty. of Columbia*, No. 2:07-cv-250-KS, 2008 WL 4000402, at *3 (S.D. Aug. 20, 2008) (finding that service upon city hall employee was

insufficient service of process for the City). Showers has had more than two years to properly effectuate service as required under the Federal Rules of Civil Procedure and has failed to do so.

Showers sued Defendant DeNardo in both his official and individual capacity. United States District Judge Keith Starrett previously notified Showers that he "must bear in mind that Michael DeNardo is deceased, and thus, cannot be personally liable." [55] at pg. 3, fn. 4. Moreover, a suit against a municipal employee in his official capacity is tantamount to a suit against the City itself. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Brumfield v. Hollins*, 551 F.3d 322, 331 n.9 (5th Cir. 2008). Because the City of Bay St. Louis is sued, any claim against Defendant DeNardo in his official capacity is redundant and is hereby dismissed with prejudice.[1]

IT IS THEREFORE ORDERED AND ADJUDGED that the City of Bay St. Louis' Motion to Dismiss Plaintiff's Complaint Against Michael DeNardo for Improper Service of Process [84] is GRANTED. The claims against Michael DeNardo in his official capacity shall be DISMISSED WITH PREJUDICE and the claims against Michael DeNardo in his individual capacity shall be DISMISSED WITHOUT PREJUDICE.

THIS, the 31st day of March, 2022.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[1] District Judge Keith Starrett previously dismissed Defendant Wesley Mayley in his official capacity because the City of Bay St. Louis is a named defendant; therefore, claims against Mayley in his official capacity were found to be redundant and dismissed with prejudice. *See* Doc. 43 at 3, fn. 3.